UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MORDECAI BARKAN,<br>Defendant. | Case No. 5:12-cr-00789-EJD<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Dkt. No. 12 |

I. INTRODUCTION

Defendant Mordecai Barkan ("Defendant") moves for early termination of his supervised release. Pursuant to Court order, the Probation Office and the Government have filed responses to Defendant's motion. Both the Probation Office and the Government recommend denying Defendant's motion. For the reasons set forth below, Defendant's motion is denied.

II. BACKGROUND

On June 11, 2007, Defendant pled guilty in the District of Nevada to one count of coercion and enticement of a minor to engage in sexual activity, a violation of 18 U.S.C. § 2422(b). Dkt. No. 14. On September 10, 2007, Defendant was sentenced to 60 months of incarceration followed by 10 years of supervised release. Defendant has completed his term of incarceration and nearly six years of supervised release.

Defendant requests early termination, asserting that he has successfully completed his sentence thus far. He seeks termination of his supervised release so that he may relocate to Israel to care for his ninety-year old mother; to spend more time with his wife, who spends much of her time in Israel; to spend more time with his two daughters, grand-children, brother, aunts, uncles

and cousins who reside in Israel; to pursue business opportunities in Israel; and to reduce travel expenses.

III. STANDARDS

Pursuant to 18 U.S.C. § 3583(e)(1), the court may, after considering a subset of sentencing factors, "terminate a term of supervised release and discharge the defendant related any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The sentencing factors to be considered are: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, for public protection from further crimes of the defendant, and for correctional treatment for the defendant; the sentencing guideline range; the Sentencing Commission's policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense. See 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).

IV. DISCUSSION

The nature and circumstances of Defendant's offense weigh against early termination. Defendant was a 51-year-old husband and father who initiated and sought out sexual contact with a person in an Internet chat room whom he believed was a 14-year-old girl. He sent the person pornography, images of himself masturbating, and sexually explicit messages, and eventually traveled from the Bay Area to Nevada to meet this person. He brought condoms and told the person not to wear panties under her skirt. The person who met Defendant in Nevada turned out to be an FBI agent and Defendant was arrested.

Defendant's conviction was not the result of a single, isolated, and impulsive act. Defendant communicated with the undercover FBI agent online and telephonically for several months. Defendant traveled from the Bay Area to Nevada by plane. He checked into a hotel room in Nevada. He traveled by car to what he thought was the 14-year old girl's home. There were many points at which Defendant could have abandoned his planned meeting, but Defendant chose not to. The serious and dangerous nature of Defendant's crime cannot be questioned.

As for Defendant's history and characteristics, Defendant represents that he has had no previous deviant sexual history. Defendant's Motion (Dkt. No. 12), p. 4. Defendant also asserts that the psychologist who evaluated him in 2005 found no evidence of pedophilic inclinations. However unremarkable Defendant's history and characteristics may be, they do not detract from the seriousness of his crime. *Id*. at p. 3.

Defendant contends that his conduct during probation supports early termination. Defendant has had no new contact with law enforcement and has had several polygraph examinations that support he has been compliant with his terms of probation. Defendant has been working and volunteering. He has been granted eight patents in the field of cyber security and has three patent applications pending. He has pursued professional development opportunities. Defendant has also been involved with his synagogue. He participated in individual and group therapy. Defendant also relies on the opinions of four different therapists who determined that Defendant is a very low risk for recidivism.

The government acknowledges that Defendant has generally been successful while on supervised release. Nevertheless, the government contends, and the court agrees, that mere compliance with the terms of supervised release is an inadequate basis to terminate supervised release early. Only exceptionally good behavior will justify a reduction of a previously imposed term or condition of supervised release. *See e.g. United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997). Defendant has not demonstrated exceptionally good behavior. Moreover, continuing Defendant's supervised release serves the purposes of deterrence, public protection, and affords continuing correctional treatment. Defendant's September 2018 Post Conviction Risk Assessment raises concerns which will not be specified herein to preserve confidentiality. The court agrees with the U.S. Probation Office that further oversight and monitoring to assist Defendant are warranted based on the results of the Assessment.

The imposed sentence weighs against early termination. Defendant was sentenced to the mandatory minimum sentence of 60 months imprisonment. In light of Defendant's criminal history category of 1, Defendant faced a guideline sentence of 46-57 months imprisonment;

Case No.: 5:12-cr-789-EJD
ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE
3

however, his charge carried a mandatory minimum sentence of 60 months. Further, the supervised release term is consistent with the policy statement found in U.S. Sentencing Manual § 5D1.2(b)(2) that the statutory maximum term of supervised release should be imposed for sex offenses.

The court recognizes the importance of family support and understands the logistical and financial challenges Defendant has faced while serving his term of supervised release. Nevertheless, the court finds that the factors discussed above substantially outweigh Defendant's stated desire to live with his family and to pursue business development in Israel. The court encourages Defendant to continue working with the Probation Office to plan future trips to Israel that will not interfere with his counseling. Defendant's motion for early termination of supervised release is DENIED.

**IT IS SO ORDERED.**

Dated: January 3, 2019

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-cr-789-EJD
ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE
4